```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                    05-CR-6057T

              v.                                    DECISION
                                                    and ORDER
TERRANCE SYKES,

                    Defendant.
_____
```

## INTRODUCTION

Defendant Terrance Sykes ("Sykes") is charged in a three-count Indictment with possession with intent to distribute 50 grams or more of cocaine base, possession of 5 grams or more of cocaine base, and possession of a firearm in furtherance of a drug crime, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); 844(a), and 18 U.S.C. § 924(c)(1).

On July 4, 2005, the defendant filed an omnibus motion seeking, inter alia, suppression of physical evidence obtained during the execution of a search warrant at 263 Emerson Street in the City of Rochester, New York.  Sykes contends that there was no probable cause for the issuance of the search warrant, and that because the application for the warrant was so lacking in any indicia of probable cause, no police officer could have reasonably believed that the search warrant was valid.

By Order dated October 4, 2005, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings.

Pursuant to that Order, on October 27, 2005, Judge Payson issued a Report and Recommendation recommending that defendant's motion to suppress be denied. Specifically, Judge Payson determined that regardless of whether or not there was probable cause to issue the search warrant, the officers conducting the search reasonably relied on the validity of the warrant in executing the warrant, and therefore, pursuant to precedent set forth in <u>United States v. Leon</u>, 468 (U.S. 897 (1984), defendant's motion to suppress should be denied.

The defendant, in three separate filings, has objected to Judge Payson's Report and Recommendations on grounds that there was no probable cause to search the premises at 263 Emerson Street, and that because the application in support of the search warrant was so devoid of any information that could establish probable cause to search the premises, the officers executing the search warrant could not have reasonably believed the warrant to be valid. On November 15, 2005, plaintiff, acting <u>pro se</u>, filed objections to the Report and Recommendation. (Docket item no. 45) Two days later, the defendant filed additional objections. (Docket item no. 44) On February 14, 2006, defendant's attorney filed a third set of objections to the Magistrate's Report and Recommendation.[1] (Docket

---

[1] Although Attorney Felix Lapine represented the defendant at the time he filed the objections to the Report and Recommendation, Attorney Lapine's motion to witdraw as counsel was granted on March 8, 2006. Prior to being represented by Attorney Lapine, defendant was represented by attorney Donald

item no. 65).       For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motions to suppress.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance. Cullen v. United States, 194 F.3d 401 (2nd Cir. 1999). I apply these standards to the following analysis.

## BACKGROUND

The facts of this case were set forth in Judge Payson's Report and Recommendation, and familiarity with those facts is presumed. In summary, the search of 263 Emerson Street was conducted pursuant

---

Thompson from May 20, 2005 to October 12, 2005, and by Attorney Robert Smith of the Federal Public Defender's Office from April 18, 2005 to May 20, 2005.

to a search warrant issued by Monroe County Court Judge Frank Geraci. The warrant was issued upon the application of City of Rochester Police Officer Scott Hill ("Hill"). Hill stated in his application that he had been investigating apparent drug activity at 263 Emerson St., and that as part of his investigation, he arranged to have a confidential informant make controlled buys of cocaine at that location. Hill stated in his warrant application that the confidential informant had provided the Rochester Police Department with reliable information in the past, and that the information provided had led to numerous arrests and convictions.

According to Hill's affidavit in support of his application for a search warrant, Hill gave the informant $1,000.00 to purchase 31 grams of cocaine from 263 Emerson St. Prior to making the purchase, the informant drove to an unspecified location and picked up another person. The two then drove to 263 Emerson Street, where the unidentified person left the vehicle, and entered through the eastern-most door of 263 Emerson St., the location of the suspected drug dealing. After a few minutes, the unidentified person emerged from the house, got back into the car with the confidential informant, and they drove back to the location where the informant had picked him up. The informant dropped the unidentified person off, and returned to the meet-up location with Officer Hill, where the informant produced 31 grams of cocaine. According to the

informant, his acquaintance had purchased the drugs from 263 Emerson St.

A second buy was conducted in much the same way. Officer Hill gave the same informant $1,000.00 to purchase another 31 grams of cocaine from 263 Emerson St., but the informant, prior to purchasing the drugs, picked up a different unidentified person. The two then went to 263 Emerson Street, where this second unidentified individual went into the home, re-emerged after a short period of time, and returned with the informant to the location where he had been picked up. The informant dropped off the unidentified person, and then returned to meet with Officer Hill, where he produced the 31 grams of cocaine which he stated was purchased by the second unidentified person at 263 Emerson St.

Based on the information set forth above, which was contained in Officer Hill's warrant application, Judge Geraci issued a search warrant for 263 Emerson St. Upon execution of the warrant, the police discovered quantities of cocaine and cocaine paraphernalia, as well as a firearm.

Sykes was charged in Monroe County Court with drug possession and possession of drug paraphernalia. Sykes moved to suppress evidence obtained during the search of his home on grounds that the search warrant signed by Judge Geraci was unlawful. By Decision and Order dated April 7, 2005, Acting Monroe County Court Judge John Schwartz granted defendant's motion on grounds that the

warrant authorizing the search was not supported by probable cause. Thereafter, a federal grand jury issued the present indictment against Sykes and his case was assigned to this court.

As he did in State Court, Sykes now moves to suppress evidence obtained during the search of 263 Emerson St. on grounds that the search warrant was invalid. Specifically, he contends that the affidavit in support of the warrant submitted by Officer Hill does not set forth facts from which it could be found that probable cause existed to believe that evidence of illegal drug activity would be found at 263 Emerson St. He contends that because the confidential informant did not actually make the alleged purchases, and did not witness the alleged purchases, the confidential informant had no direct knowledge that drug sales were taking place at 263 Emerson St., and therefore there was no basis to issue a search warrant for that location.

DISCUSSION

As stated above, I adopt Judge Payson's Report and Recommendation in its entirety, and for the reasons stated therein, deny defendant's motion to suppress. In her thorough and comprehensive Report and Recommendation, Judge Payson clearly explained why, under federal law, the evidence obtained pursuant to Judge Geraci's search warrant should not be suppressed here in federal court, despite the fact that the evidence was suppressed in

6

Sykes' previous State Court proceeding. Judge Payson held that under the "good faith" exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897 (1984), (a case that applies to federal proceedings but not to proceedings in New York State), in cases where it is not clear that the search warrant at issue was supported by probable cause, evidence obtained pursuant to the search warrant may not be suppressed if the warrant was issued by a "neutral" judicial officer and the officers executing the search relied in good faith on the validity of the warrant. See Report and Recommendation at pp. 16-17. Judge Payson further explained that in this case, because the question of whether or not there was probable cause to issue the warrant was so close, it was appropriate to consider whether or not the Leon good faith exception should apply.

Judge Payson correctly concluded that this case should be considered under the Leon standard, and in doing so, she also properly applied that legal standard to the facts of this case. In examining whether or not the conditions for applying the good faith exception had been met, Judge Payson found that Judge Geraci was acting as a "neutral" judicial officer when he issued the search warrant because he was not acting out of any bias, prejudice, or other impermissible animus. Report and Recommendation at p. 17-18. Judge Payson further held that and that under the legal test for determining whether or not an officer executing a search warrant

acted in good faith in relying on the warrant, the evidence demonstrated that the officers conducting the search of 263 Emerson St. did rely in good faith on the validity of the warrant. Report and Recommendation at p. 17. I find Judge Payson's findings and conclusions to be correct and therefore hold that because the officers relied in good faith on the warrant issued by Judge Geraci, the evidence obtained during the execution of the warrant is admissible, and defendant's motion to suppress must be denied.

## CONCLUSION

For the reasons stated above, I hereby adopt Judge Payson's October 27, 2005 Report and Recommendation in its entirety, and deny defendant's motion to suppress, to dismiss, and for a hearing.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
     Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         March 20, 2006