UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

UNITED STATES OF AMERICA,

                                        DECISION & ORDER

          v.                              05-CR-6057

TERRANCE SYKES,

               Defendant.

———————————————————————————

## INTRODUCTION

By Order of Hon. Michael A. Telesca, United States District Judge, dated October 4, 2005, all pretrial matters in the above-captioned case were referred to Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 34). On August 28, 2006 by Order of Judge Telesca the case was transferred to the undersigned. The matter is now before this Court on defendant's objections, filed on September 8, 2006, (Docket # 100) to the combined Decision and Order ("D & O") and Report and Recommendation ("R & R") filed by Judge Payson on July 31, 2006 (Docket # 93).

## BACKGROUND

The background of this case leading to the present application before this Court was very accurately and succinctly summarized by Magistrate Judge Payson in her July 31, 2006 D & O and R & R:

> Defendant Terrance Sykes (hereinafter "Sykes") is charged in a three-count indictment. The first count charges Sykes with possessing with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The second count charges Sykes with

possessing in excess of five grams of cocaine base, in violation of 21 U.S.C. § 844(a).  The final count charges Sykes with possessing a firearm in furtherance of the drug trafficking crimes charged in the previous counts, in violation of 18 U.S.C. § 924(c)(1).  All offenses are alleged to have occurred on or about October 28, 2004.  (Docket # 1).

As explained in this Court's Report and Recommendation dated October 27, 2005, Sykes was initially prosecuted in Monroe County Court for state crimes arising from the same facts that underlie this federal prosecution.  On October 28, 2004, law enforcement officers executed a search warrant for Sykes's downstairs apartment at 263 Emerson Street in the City of Rochester.  As a result of evidence seized during that search, Sykes was thereafter indicted by a New York State grand jury for various narcotics offenses. Sykes challenged the lawfulness of the search warrant, and Acting Monroe County Court Judge John R. Schwartz found that it lacked probable cause.  Judge Schwartz therefore suppressed the evidence seized from Sykes's apartment.

On April 14, 2005, one week following the suppression of evidence in state court, Sykes was indicted on the pending federal charges.  Pursuant to this Court's scheduling order, on July 14, 2005, Sykes filed his initial pretrial motions, which included a motion to suppress evidence seized from his apartment on the grounds that the search warrant lacked probable cause. (Docket # 18).  The government conceded that it would lack sufficient evidence to prosecute Sykes if his probable cause challenge were successful.  In view of that concession and with the parties' agreement, this Court first addressed the issue of probable cause for the search warrant. (Docket # 37).  By Report and Recommendation issued on October 27, 2005, I recommended that Sykes's motion be denied.  United States District Judge Michael A. Telesca affirmed that recommendation, concluding that regardless of whether the warrant lacked probable cause, suppression in federal court was not warranted due to the good faith exception established in United States v. Leon, 468 U.S. 897 (1984), which was unavailable in New York State court.  *See People v. Bigelow*, 497 N.Y.S.2d 630, 637 (1985). (Docket # 71).

This Court now turns to Sykes's remaining motions.  Currently pending for Decision and Order are Sykes's motions for a Franks hearing and for disclosure of grand jury minutes.  Also pending for Report and Recommendation are Sykes's motions to suppress statements and tangible evidence and to dismiss the indictment.  (Docket ## 18, 75).

D & O and R & R, July 31, 2006, pp.2-3.

In papers, filed on September 8, 2006 by his counsel, James S. Wolford, Esq., defendant objects to those portions of Magistrate Judge Payson D & O and R & R which:

> (1) concluded that Sykes did not have standing to challenge the search of the vehicles, and that, even if Sykes had standing to challenge the search, the search of the automobiles was within the curtilage of the search warrant's authorization; (2) denied Sykes' motion for a *Franks v. Delaware*, 438 U.S. 154 (1978) hearing; (3) denied Sykes' motion for disclosure of the grand jury minute; and (4) denied Sykes' motion to dismiss the indictment due to double jeopardy and vindictive prosecution.

However, prior to Mr. Wolford's filing, the Court, on September 6, 2006, received in the mail directly from defendant forty-six hand printed pages of argument on the same objections subsequently raised by Mr. Wolford on his behalf, as well as argument relating to speedy trial, an issue that he previously raised *pro se* which was also addressed by Magistrate Judge Payson in her R & R of July 31, 2006. At a court appearance on September 13, 2006, the Court handed defendant's submission, which had never been filed, to Mr. Wolford, who had obviously not seen it before, and advised defendant that, since he was represented, submissions must be made and filed through counsel. Then by letter dated September 13, 2006 and received by the Court on September 14, 2006, Mr. Wolford indicated that, after consulting with his client and based upon his client's desire, he was submitting the hand printed papers which defendant had prepared. Although defendant sent his submission to the Court without his lawyer's knowledge and although it was not technically timely filed, the Court, in an abundance of caution, will nonetheless consider it. Moreover, it should be noted that in papers filed in opposition to defendant's objections, the government states that it does not object to the recommendation of Magistrate Judge Payson that the purported statement of the defendant that "The only thing I know for sure is that you ran up to my house today and found a whole lot of dope,"

be suppressed.

## STANDARD OF REVIEW

In pertinent part, 28 U.S.C. § 636(b)(1) directs:

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except . . . to dismiss or quash an indictment . . . made by the defendant, to suppress evidence in a criminal case, . . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . .

. . . A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance. *Cullen v. United States*, 194 F.3d 401 (2nd Cir. 1999).

## ANALYSIS

### A. Decision and Order

In her D & O of July 31, 2006, Magistrate Judge Payson denied defendant's application for a *Franks* Hearing and his application for disclosure of the grand jury minutes. Upon review of defendant's submissions and the proceedings, the Court finds nothing in the record that suggests Magistrate Judge Payson's rulings are either clearly

erroneous or contrary to law. Rather, Magistrate Judge Payson exhaustively set forth the applicable standards, and applied them carefully and accurately. Therefore, defendant's appeal of the Magistrate Judge's order denying a *Franks* hearing, and denying disclosure of the grand jury minutes is denied.

## B. Report and Recommendation

In her Report and Recommendation of July 31, 2006, Magistrate Judge Payson denied defendant's application to suppress tangible evidence seized from a GMC Suburban and Buick Skylark, which were located in the driveway to and in the backyard, respectively, of 236 Emerson Street, as well as his application to dismiss the indictment on grounds of double jeopardy and vindictive prosecution. Additionally, she recommended that his motion, raised *pro se*, to dismiss the indictment for violation of his speedy trial rights be denied. The Court reviews the objections as to each of these rulings on the part of Magistrate Judge Payson *de novo*.

## 1.   Suppression of Tangible Evidence

The Court adopts Magistrate Judge Payson's recommendation that defendant lacks standing to challenge the searches of the search of the GMC Suburban and Buick Skylark, as well as her recommendation that,  alternatively, the search of both vehicles and seizure of evidence and contraband was authorized pursuant to a valid search warrant, since both vehicles were within the curtilage of 236 Emerson Street. As to the standing, the Court, upon the record, finds, as did Magistrate Jude Payson, that defendant failed to establish by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched.  *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *Rawlings v.*

*Kentucky*, 448 U.S. 98, 104 (1980)*; United States v. Perea*, 986 F.2d 633, 639 (2d Cir. 1993); *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991).  This burden "is met only by sworn evidence, in the form of an affidavit or testimony, from the defendant or someone with personal knowledge. In this regard, a defendant's unsworn assertion of the Government's representations does not meet this burden." *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) (citations omitted). As Magistrate Judge Payson points out, defendant has not submitted an affidavit, either by himself or someone else with personal knowledge, to satisfy his burden of demonstrating standing. I further agree with Magistrate Judge Payson and find that even assuming *arguendo* that defendant had standing that the search of the automobiles was within the scope of the warrant that authorized a search of the premises "to include all its storage areas and curtilage." *See*, *e.g., United States v. Gottschalk*, 915 F.2d 1459, 1461 (10th Cir. 1990) (warrant for premises "generally includes any vehicles located within its curtilage"); *United States v. Percival*, 756 F.2d 600, 612 (7th Cir. 1985) ("search warrant authorizing a search of a particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises"); *United States v. Bulgatz*, 693 F.2d 728, 730 n.3 (8th Cir. 1982) (warrant for house authorized search of car parked in attached garage), *cert. denied*, 459 U.S. 1210 (1983); *United States v. Freeman*, 685 F.2d 942, 955 (5th Cir. 1982) (search warrant for residence justified search of vehicle located on premises); *United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir.) (search warrant for residence authorized search of camper parked in driveway), *cert. denied*, 429 U.S. 920 (1976). The testimony adduced at the hearing and submitted to this Court as Exhibit # 1 to Mr. Wolford's

objections establishes that both vehicles were located on the property of 263 Emerson Street and consequently within the curtilage.

## 2. Dismissal of the Indictment-Double Jeopardy and Vindictive Prosecution

Defendant moves for the dismissal of the pending Indictment on the grounds that it is a violation of double jeopardy and that it results from vindictive prosecution. However, upon *de novo* review, the Court agrees with Magistrate Judge Payson and adopts her recommendation that defendant's application must be denied. Regarding double jeopardy, as Magistrate Judge Payson explains:

> . . . the double jeopardy clause is simply not applicable in this case. Jeopardy, for purposes of the Fifth Amendment, does not attach "until the jury has been empaneled and sworn, and is thus competent to dispense a judgment of guilt." *United States v. White*, 980 F.2d 836, 842 (2d Cir. 1992); *see Crist v. Bretz*, 437 U.S. 28, 38 (1978) ("jeopardy attaches when jury is empaneled and sworn").

> In this case, Sykes was originally indicted and prosecution initiated in state court.  That prosecution was dismissed, however, following the state court's pre-trial suppression of evidence seized from Sykes's apartment.  No trial was conducted, and no jury was empaneled or sworn.  Thus, Sykes was never placed in jeopardy, and the double jeopardy clause may not be invoked.  It is therefore my recommendation that Sykes's motion to dismiss based upon a violation of the double jeopardy clause be denied.

> To the extent that Sykes argues that this prosecution is barred under the due process clause by principles of collateral estoppel, such claim is equally unavailing. Under the doctrine of collateral estoppel, "a non-party to an action can be bound by the determination of issues decided in that action if it 'controls or substantially participates in the control of the presentation on behalf of a party.'" *United States v. Davis*, 906 F.2d 829, 833 (2d Cir. 1990) (quoting Restatement (Second) of Judgments § 39 (1982)).  Although the Second Circuit has recognized the application of collateral estoppel in criminal cases, it has also noted that, "no court has applied collateral estoppel to bar relitigation of a suppression issue in a later proceeding by a different sovereign." *Id*.  According to the court, the fact that the state and federal governments are not just different parties, but different sovereigns,

generally forecloses the use of collateral estoppel to bar a second prosecution except in "the most unusual circumstances." *Id.* The pivotal question is not, as Sykes contends, whether state and federal investigators operated within a joint task force, but whether there was a "significant relationship" between the state and federal prosecutors such that the federal sovereign's interest would have been represented during the state court proceeding. *Id*. at 834. "At a minimum, it must be shown that federal prosecutors actively aided the state prosecutors during the local suppression hearing." *Id*. at 835.

Here, Sykes has offered no evidence to suggest that federal prosecutors were in any way involved in his state court prosecution, including determination of his suppression motion, and thus the United States cannot be said to have had its day in court. It is therefore my recommendation that Sykes's motion to dismiss the Indictment pursuant to the due process clause be denied.

As to defendant's claim of vindictive prosecution, the Court again agrees with Judge Payson and adopts her recommendation, and finds, upon *de novo* review, that this must also fail, since he has failed to produce any evidence of actual vindictiveness and has not established any presumption of vindictiveness. *United States v. Sanders*, 211 F.3d 711, 716 (2d Cir.) (quoting *United States v. Johnson*, 171 F.3d 139, 140 (2d Cir. 1999)), *cert. denied*, 531 U.S. 1015 (2000).

### 3. Speedy Trial

As indicated earlier, although not raised by Mr. Wolford in his filing, defendant, in his hand printed submission, additionally objects to Magistrate Judge Payson' Report and Recommendation in so far as it denies his application to dismiss the indictment on speedy trial grounds. However, the Court again adopts the recommendation of Magistrate Judge Payson and finds that his motion is wholly without merit. As Magistrate Judge Payson indicates:

Although there have been various periods of delay since the filing of the original indictment, the majority of those periods have been attributable to the various pretrial motions filed by Sykes, as well as to his multiple requests for new counsel.  I further find that any remaining periods excluded under the Speedy Trial Act have been properly excluded.

R & R, July 31, 2006, P. 24.

## CONCLUSION

For the reasons stated above, the Court respectively affirms and adopts in its entirety Magistrate Judge Payson's Decision and Order and Report and Recommendation of July 31,2006 (Docket # 93). Accordingly, defendant's application for a *Franks* hearing is denied, his application for disclosure of the grand jury minutes is denied, his application to suppress tangible evidence is denied, his application to dismiss the indictment due to double jeopardy and vindictive prosecution is denied, and his application  to dismiss the indictment for violation of his right to a speedy trial is denied. However, his motion to suppress the statement, "The only thing I know for sure is that you ran up to my house today and found a whole lot of dope," is granted.

SO ORDERED.

Dated: Rochester, New York
        September 20, 2006

                                ENTER.


                                /s/ Charles J. Siragusa
                                CHARLES J. SIRAGUSA
                                United States District Judge