UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.                                                                              DECISION AND ORDER
                                                                                       05-CR-6057 CJS
TERRANCE SYKES,

                    Defendant.

_____

## INTRODUCTION

The matter is before the Court on Defendant's pro se motion "pursuant to Title 28 U.S.C. § 455(a) and 455(b)(1) requesting that the undersigned be disqualified from presiding over any further proceedings involving the defendant." (Defendant's Notice of Motion, filed June 13, 2008, Docket # 166.) Additionally, pending before the Court is Defendant's motion, pursuant to Federal Rule of Criminal Procedure 41(g), " for return of his personal property that was taken and confiscated off of his person during an unlawful arrest on April 18, 2005, consisting of $3,425.00 in cash." (Defendant's Notice of Motion, filed May 16, 2008, Docket # 164.) For the reasons stated below, both of the Defendant's applications are denied in all respects.

## BACKGROUND

**A.    Recusal**

On April 14, 2005, a federal grand jury returned a three-count sealed indictment against the Defendant. Count One charged him with possession with intent to distribute 50

grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). Count Two charged him with possession of more than five grams of cocaine base in violation of 21 U.S.C. § 844(a). Count Three charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). In connection with the sealed indictment, an arrest warrant was issued on April 14, 2005.

On April 18, 2005, members of the Rochester Police Department stopped the defendant for a traffic violation, at which time he was arrested on the outstanding federal warrant. Subsequently, on April 18, 2005, the Court unsealed the indictment and arraigned the Defendant.  At arraignment, the Government moved for detention.

On April 20, 2005, the Court held a detention hearing. After hearing proffers from both the Government and the Defendant, the Court denied the application to detain and set conditions for the Defendant's release, including the posting of bail in the amount of $100,000.

On September 8, 2005, based upon the Government's application, the Court reconsidered the issue of detention, and ordered the Defendant detained.[1] The reconsideration was based on new information that the Government brought to the Court's attention, specifically  that the defendant had been convicted of two prior drug felony offenses.[2]  Consequently, if convicted under Count One of the indictment, the Defendant

---

[1] The Defendant remained in custody, unable to meet the conditions of release that the Court had previously set on April 20, 2005.

[2] Both counsel for the Government and counsel for Defendant submitted their positions on whether a conviction on a drug felony offense for which Defendant received a youthful offender adjudication should count as a  prior felony conviction, as well as on whether two adult drug felony convictions with concurrent sentences should be counted as one conviction or two separate convictions. Upon consideration of the applicable law, the Court found that the youthful offender adjudication counted as a prior felony conviction, and the two adult

would be subject to a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). In light of this, the Court found by a preponderance of evidence that Defendant was a flight risk and that no condition or combination of conditions would reasonably assure his appearance if he were to be released.

On September 24, 2005, a superceding indictment was filed against Defendant. The superceding indictment added a fourth count against the Defendant: felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924 (a)(2), with Counts One, Two, and Three remaining the same as in the original indictment.

On October 5, 2005, with respect to the superceding indictment, a jury found the Defendant guilty on Counts One, Two, and Four, but not guilty of Count Three. On February 12, 2006, the Court, based upon 21 U.S.C. § 841(b)(1)(A), sentenced the Defendant to life imprisonment.

By decision dated December 6, 2006, the Second Circuit dismissed the Defendant's appeal of the Court's order of detention. The Defendant's convictions on Counts One, Two, and Four of the superceding indictment are currently under appeal before the Second Circuit.

**B.    Return of Property**

Upon arresting the Defendant on April 18, 2008, members of the Rochester Police Department seized $3,425.00 from his person. After reviewing the circumstances under which the money was acquired, the Drug Enforcement Administration ("DEA") determined that an adequate basis existed to support administrative forfeiture proceedings against this

---

convictions were separate felony convictions.

property and, in fact, decided to commence such proceedings. Accordingly, on May 11, 2005, pursuant to 19, U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to Terrance Sykes, 58 Curtis Street, Rochester, NY 14606. After three delivery attempts, the U.S. Postal Service returned the notice to DEA stamped "RETURNED TO SENDER. UNCLAIMED."

Subsequently, pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75, the seizure of the property was published in THE WALL STREET JOURNAL, a newspaper of general circulation in the Western District of New York. The notice was published once each week for three successive weeks: May 31, and June 6 and 13, 2005. The published and mailed notices explained the option of filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court. Pursuant to 18 U.S.C. § 983(a)(2)(B), the published and mailed notices stated that the deadline to file a claim was June 15, 2005, or if the mailed notice was not received, July 14, 2005. Moreover, the published and mailed notices explained the option of filing a petition for remission or mitigation.

Further, on June 30, 2005, since Defendant was being held in custody following his arraignment, the DEA also sent written notice of the seizure by certified mail, return receipt requested, addressed to Terrance Sykes, Buffalo Federal Detention Center, Federal Drive, Batavia, NY 14020. A prison stamp in the "Signature" block signified acceptance of delivery of this notice on July 5, 2005.

On August 10, 2005, after no executed claim was received, and after the time limit for filing a claim had expired, the DEA forfeited the $3,425.00 to the United States pursuant to 19 U.S.C. § 1609.

## ANALYSIS

**A.     Recusal**

Essentially the Defendant bases his recusal application on two grounds. First, he maintains that recusal is warranted because of rulings, primarily relating to his detention and sentencing, that the Court made, during the course of the proceedings, which were adverse to him. Second, he argues that recusal is required because he has filed a judicial conduct complaint against the undersigned, again relating primarily to detention and sentencing issues.

The recusal statute states in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a) and (b)(1). As a general matter, recusal motions are committed to the discretion of the judge who is being asked to disqualify himself. Such judge is enjoined to "weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case. Litigants are entitled to an unbiased judge, not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988) (citation omitted), *cert. denied sub nom. Milken v. S.E.C.*, 490 U.S. 1102 (1989). A judge's decision not to disqualify himself from a case is reviewed on appeal for abuse of discretion,

a highly deferential standard of review. *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996). Moreover, the fact that a judge is familiar with a litigant, or has formed an opinion of that litigant, is not grounds for recusal if it stems from the performance of his or her judicial duties. *Liteky v. United States*, 510 U.S. 540, 551 (1994). In any event, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id*. at 554. Instead, a judge's rulings should constitute grounds for appeal, not for recusal. *Id*. Nor can a litigant force a judge's recusal merely by filing a complaint or instituting a suit against him or her. *United States v. Martin-Trigona*, 759 F.2d 1017, 1020-21 (2d Cir.1985).

Here, the Court concludes that, based upon the applicable law, neither of the grounds relied on by the Defendant, adverse rulings or the filing of a judicial complaint, warrants recusal.

**B.    Return of Property**

As the government points out in its responding papers, the Defendant's reliance on the notice requirement of Federal Rule of Criminal Procedure 7(c)(2) is misplaced, since the $ 3,425.00 was forfeited administratively not criminally. Additionally, as the Second Circuit has observed, "[t]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." *United States (Drug Enforcement Agency) v. One*, *1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 480 (2d Cir.1992). While a jurisdictional exception exists, such exception "'is limited to determining whether the agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited.'" *Id., quoting Scarabin v. Drug Enforcement*

*Admin.*, 919 F.2d 337, 338 (5th Cir.1990). Here, Defendant does not dispute that the correct procedural safeguards for administrative forfeiture pursuant to 18 U.S.C. § 983 were followed. He merely alleges that

> [P]ursuant to 18 U.S.C.S. [*sic*] 983 (c) the Government never met their burden of proof of showing that the property was used to commit or facilitate the commission of a criminal offense. The Government never established that there was a connection between the defendant's property or any offense within the Federal indictments.

(Defendant's Affirmation in support of Motion for Return of Property, filed May 16, 2008, Docket # 164, ¶ 19.) This conclusory allegation addressed to the merits of the administrative determination does provide the Court jurisdiction to review the subject forfeiture.

## CONCLUSION

Accordingly, Defendant's application for recusal (Docket # 166) and his application for return of property (Docket # 164) are denied.

DATED:    July 31, 2008
          Rochester, New York          ENTER.

                                       /s/ Charles J. Siragusa
                                       CHARLES J. SIRAGUSA
                                       United States District Judge