UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

-vs-

TERRANCE SYKES,

                Defendant

_____

ORDER

05-CR-6057 CJS

INTRODUCTION

All matters in this action, including Mr. Syke's direct appeal, § 2255 motion, and appeal of this Court's § 2255 ruling, were resolved years ago, though he continues to raise additional issues in piecemeal fashion. *See, e.g.*, Docket Entries [#224] & [#225]. Most recently, on May 7, 2015, Syke's filed a motion pursuant to Fed. R. Crim. P. 36. The application is denied as moot.

DISCUSSION

Sykes is moving pursuant to Fed. R. Crim. P. 36, which states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Sykes contends that there is an error in this case, since the Court failed to rule upon his post-verdict pre-sentence motion for judgment of acquittal. The legal standard for resolving a motion for a judgment of acquittal based on insufficient evidence is clear:

> In challenging the sufficiency of the evidence, the defendant faces an uphill battle, and bears a very heavy burden. . . . [T]he evidence must be viewed

1

> in the light most favorable to the government, with all reasonable inferences drawn in its favor.  The question is not whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt, but rather, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*U.S. v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (citations omitted).

Sykes maintains that after his criminal jury trial in 2006, at which he was convicted of Counts I, II, and IV of the indictment, his attorney filed a motion [#139] for judgment of acquittal.  The motion as to Counts I and II was based on the contention that there was insufficient evidence to prove beyond a reasonable doubt that the substance Sykes possessed was cocaine, or that he sold any cocaine base.  As to Count IV, the motion for judgment of acquittal was based on  a combination of an alleged lack of evidence that Sykes possessed the shotgun that was found in his apartment, and an alleged *Brady* violation, involving the Government's untimely production of report indicating that he was not the registered owner of the shotgun.  The alleged *Brady* violation was first brought to the Court's attention after the jury had begun to deliberate, at which time the Court "advised Sykes he had two options.  First, the Court instructed that it could declare a mistrial.  The other option was to move the Firearms Report into evidence, and allow Sykes an opportunity to close.  Sykes elected to exercise the latter option." (Syke's Post Verdict Motion for Judgment of Acquittal [#139] at ¶ 7).

Sykes now contends that this Court never ruled upon his post-verdict motion for judgment of acquittal.  However, Syke's application is moot for several reasons.  First, at Syke's sentencing, although the Court did not expressly refer to the post-verdict motion for judgment of acquittal by name, the Court, in response to Syke's statement that the

entire prosecution had been a "fraud," stated as follows : "As far as a fraud, remember, I sat on the case. Clearly, the evidence established in my mind, beyond a reasonable doubt, your guilt of the crime." (Docket No. [#155] at p. 21). Accordingly, the Court's statement at sentencing implicitly indicated that Syke's arguments concerning the sufficiency of the evidence lacked merit. Similarly, when the Second Circuit denied Sykes' appeal, it stated that "[t]he strength of the Government's case against [him] was overwhelming." *U.S. v. Sykes*, 304 Fed.Appx. 10, 13, 2008 WL 5246040 at *2 (2d Cir. Dec. 17, 2008).

Later, Sykes unsuccessfully raised sufficiency-of-the-evidence arguments as part of his motion under 28 U.S.C. § 2255 [#174], which he filed on March 29, 2010.[1] However, this Court ruled that Sykes was procedurally barred from raising those arguments.

Further, Sykes already unsuccessfully raised the issue, of the Court failing to decide his post-verdict motion for judgment of acquittal, in his Motion for a Mistrial, which he filed on June 7, 2013. *See*, Motion for a Mistrial [#209] at ¶¶ 4 & 6 ("[T]he trial is not complete due to a clerical oversight by the Court, when it failed to dispose of the defendant's pending motion for a judgment of acquittal filed November 14, 2006 (docket 139)[.]"). On July 8, 2013, the Court denied that application, *see*, Docket No. [#218]. Sykes subsequently raised the same issue in a submission (Docket No. [#219] at pp. 6,

---

[1] *See*, Decision and Order [#187] denying § 2255 motion at p. 8 & n. 7 (Observing that Sykes was arguing that "the evidence at trial was insufficient to establish guilt beyond a reasonable doubt. He alleges for example that the Government did not properly test the drugs that were seized or establish the weight of the drugs. He also contends that the Government did not prove that the shotgun met the statutory definition of a firearm.").

7)[2] relating to another application, which the Court also denied. *See*, Docket No. [#218] (Denying Sykes' motion [#210]).

## CONCLUSION

Sykes' application [#226] is denied as moot, for the reasons explained above. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Sykes has not made a substantial showing of the denial of a constitutional right.

So Ordered.

Dated:   Rochester, New York
         May 21, 2015

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[2]This was Syke's reply brief in connection with his motion [#210] for a new trial. In it, Sykes again referred to this Court's "failure to rule upon Sykes' motion for a judgment of acquittal filed November 14, 2006." Docket No. [#219] at pp . 6, 7.