UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRANCE SYKES,

                              **No. 05-CR-6057**
                    Petitioner,    **No. 16-CV-6452**
                              **DECISION AND ORDER**
        -vs-

UNITED STATES OF AMERICA,

                    Respondent.

---

I.    **INTRODUCTION**

        Petitioner Terrance Sykes ("Sykes") is a federal prisoner
currently serving a life sentence following a jury verdict finding
him guilty of possession with intent to distribute fifty grams of
cocaine base 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A) ("Count
One"), possession of five grams of cocaine base in violation of
21 U.S.C. § 844(a), and felon in possession of a firearm in
violation of 18 U.S.C. § 922(g)(1) and 924 (a)(2). (Docket No. 133
and No. 134).  On February 12, 2007, United States District Court
Judge Charles J. Siragusa sentenced Sykes, pursuant to 21 U.S.C.
§ 841(b)(1)(A), to life in prison.

        The Government contends that Sykes was adjudicated a career
criminal at sentencing based on prior controlled substance offense
convictions pursuant to the career offender provisions of the
United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1(a) and
4B2(b).  Sykes now moves this Court to construe his handwritten
request as a motion to vacate and correct his sentence under
28 U.S.C. § 2255, or, in the alternative, he is requesting
permission to file a late § 2255 motion.  For the reasons set forth

below, Sykes's § 2255 motion to vacate his sentence and/or his request to file a late § 2255 motion is denied.

## II.  **DISCUSSION**

Sykes states that he intends to base his collateral attack on the Supreme Court's recent ruling in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015).  *Johnson* addresses the constitutionality of the residual clause of the  Armed Career Criminal Act ("ACCA").  Under ACCA, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. Section 922(g) faces a sentencing enhancement of a minimum of 15 years if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1).  ACCA's residual clause provided that a defendant's prior conviction qualified as a violent felony for purposes of the sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).  In *Johnson*, the Supreme Court held that the imposition of an increased sentence under the residual clause violates due process as guaranteed by the Fifth Amendment of the United States Constitution on the ground that the clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S.Ct. at 2557.

Here, however, the Government contends that *Johnson* is not applicable to Sykes's case.  U.S.S.G. § 4B1.1(a) provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the

instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or *a controlled substance offense*.

U.S.S.G. § 4B1.1(a) (emphasis added). The Second Circuit has held that *Johnson* is applicable when a defendant is sentenced as a career offender under § 4B1.1 if one or more of defendant's prior convictions was a "crime of violence" as defined in § 4B1.2. of the Guidelines. *See United States v. Maldonado*, 636 Fed.Appx. 807, 809-810 (2d Cir. 2016).

Here, the Government filed an Information pursuant to 21 U.S.C. § 851 stating it intended to rely on three prior felony drug offense convictions as the basis for the imposition of increased punishment under 21 U.S.C. § 841(b)(1)(A). As a result, the Government asserts that Sykes was adjudicated a career offender on the basis of prior convictions for controlled substance offenses, not crimes of violence. Consequently, the Court, having carefully considered Sykes's *pro se* status, concludes that there are no circumstances in the record indicating that Sykes's sentence is, in any part, invalidated by the Supreme Court's holding in *Johnson*.

The record reveals that Sykes was sentenced to a mandatory life sentence on Count One pursuant to 21 U.S.C. § 841(b)(1)(A). Since the § 841(b)(1)(A) mandatory life sentence is triggered by prior convictions for a "felony drug offense," it is not affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony. Moreover, to the extent that Sykes

would rely on *Johnson* to invalidate his sentence enhancement under the career-offender guidelines, there is no indication in the record that he would be able to establish that his status was triggered by any predicate conviction which would qualify as a "crime of violence."

Finally, to the extent that Sykes is requesting permission to file a late section 255 motion, that request is also denied. The one-year statute of limitations period for the filing of Sykes's § 2255 motion, which may be equitably tolled where "extraordinary circumstances prevented the petitioner from filing his motion" and he "acted with reasonable diligence throughout the period he seeks to toll," expired in June 2016. *Reyes v. United States*, No. 07 Civ. 10943, 2009 WL 274482, at *3 (S.D.N.Y. Feb. 3, 2009). Although Sykes argues that he has been in "24 hour lock down since May 19, 2016, without access to a legal law library and proper legal material," it has been held that "[s]olitary confinement[,] and the restrictions associated with it[,] is not an extraordinary circumstance." *Cross v. McGinnis*, 2006 WL 1788955, at *4 (S.D.N.Y. 2006); *see also Warren v. Kelly*, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002) ("lockdowns do not qualify as extraordinary circumstances.") (internal citations omitted); *Hizbullahankhamon v. Walker*, 105 F.Supp.2d 339, 344 (S.D.N.Y. 2000), *aff'd,* 255 F.3d 65 (2d Cir. 2001) (solitary confinement does not qualify as an extraordinary circumstance). Sykes's one-year statute of limitations began to run on June 26, 2015, the date of the *Johnson* decision. *See* 28 U.S.C.A. § 2255(f)(3) ("the date on which the right asserted was

initially recognized by the Supreme Court"). Even assuming that the limitations period should be tolled for each day of his "lock down," Sykes has failed to demonstrate why he was unable to file his motion within the preceding eleven months.

Consequently, for the reasons stated above, Sykes's motion is hereby denied.


**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     August 30, 2016
           Rochester, New York