UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRANCE SYKES,

        Petitioner,

    -vs-

UNITED STATES OF AMERICA,

        Respondent.
_____

DECISION AND ORDER

05-CR-6057
16-CV-6452

    Pursuant to the Sanction Order of United States District Judge Charles J. Siragusa, entered on April 25, 2016, defendant Terrance Sykes's 64-page Letter Motion Pursuant to Fed. R. Crim. P. 36, which was received on October 3, 2016, has been reviewed. In this application, Sykes seeks relitigation of Judge Siragusa's rulings on his suppression motion concerning issues addressed in the Report and Recommendation of United States Magistrate Judge Marion W. Payson, filed on July 31, 2006, and Judge Siragusa's Decision and Order, filed on September 20, 2006 adopting the Report and Recommendation. Sykes now argues that the Report and Recommendation never made a recommendation about the suppression of statements he made to Agent Kennan while in his apartment concerning the locaiton of narcotics in two automobiles. Sykes further notes that the Government conceded the suppression of such statements.

Federal Rule of Criminal Procedure states that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (2002). There is no clerical error here that needs correction, and Sykes's letter motion shall therefore be interpreted as a 28 U.S.C. § 2255 application. As the Second Circuit has noted:

> It is clear that "'[s]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal.'" *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir.1992) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.1986) (*per curiam*)); see also *Schlup v. Delo*, 513 U.S. 298, ---- - ----, 115 S. Ct. 851, 862-63, 130 L. Ed. 2d 808 (1995) ("[A] habeas court may not ordinarily reach the merits of successive claims ... absent a showing of cause and prejudice.") (citations and footnote omitted); *Douglas*, 13 F.3d at 46 ("[A]ny claim raised ... at this point that was also raised in [a] previous § 2255 motion[] or on direct appeal of [the petitioner's] conviction is precluded from consideration by this Court."); 28 U.S.C. § 2255 ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf on the same petitioner.").

*Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir. 1995).

Here, Sykes appealed his conviction and sentence to the Second Circuit and it was affirmed on December 17, 2008. See *United States v. Sykes*, No. 07-0505-cr, 304 Fed. Appx. 10 (2d Cir. 2008). On appeal, the Second Circuit addressed the search of the Sykes's vehicle and made no mention of the alleged state-

ments made by Sykes. In his brief, Sykes also failed to address the alleged statements, despite asking the Second Circuit to find error in the Court's failure to suppress evidence seized from a vehicle. Not only did Sykes fail to raise this claim on direct appeal, it appears that the issue is moot because, as noted in Sykes's appellate brief, the statements at issue were, in fact, suppressed. Moreover, if Sykes is attempting to move to vacate his conviction or sentence, this would constitute a second or successive § 2255 motion, which requires the authorization of the Court of Appeals, which Sykes has not shown that he has obtained.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this decision and order would not be taken in good faith and, therefore, denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Therefore, it is hereby

ORDERED that Terrance Sykes's letter motion dated September 27, 2016 is to be returned to him and not filed in this case.

DATED:   November 7, 2016
         Rochester, New York

                              /s/   Michael A. Telesca
                              _____
                                  MICHAEL A. TELESCA
                              United States District Judge