UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRANCE SYKES,

                Petitioner,

                                                                           DECISION AND ORDER

-vs-

                                                                          05-CR-6057 (CJS)

UNITED STATES OF AMERICA,

                Respondent.
_____

## I. INTRODUCTION

Now before the Court is Petitioner Terrance Sykes's *pro se* motion for reconsideration of the Court's order reducing his sentence pursuant to Section 404 of the First Step Act. Mot. for Reconsid., Feb. 23, 2023, ECF No. 318. Because Sykes is a *pro se* litigant, the Court has read his papers liberally, and interpreted them to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nevertheless, for the reasons set forth below, Sykes's motion for reconsideration [ECF No. 318] is denied.

## II. BACKGROUND

The reader is presumed to be familiar with the factual and procedural background of this case. In the course of granting Sykes' motion for a sentence reduction, the Court recently summarized the reasons for Sykes's incarceration and his original sentence:

> In October 2006, a jury found Sykes guilty of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii) ("Count One"); possession of more than five grams of cocaine base in violation of 21 U.S.C. § 844(a) ("Count Two"); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) ("Count Four"). Jury Verdict, Oct. 6, 2006, ECF Nos. 133 & 134 . . . .
>
> In March 2007, this Court sentenced Sykes based on the version of the Controlled Substances Act in effect at the time. He received concurrent mandatory minimum sentences of life imprisonment for Count One, 240 months (twenty years) for Count Two, and 120 months (ten years) for Count Four. J., 2, Mar. 12, 2007, ECF No. 150. In addition, Sykes was sentenced to

> ten years supervised release on Count One, and three years on Counts Two and Four respectively, all to run concurrently if Sykes is released from prison.

Dec. and Order Reducing Sent., 2, May 27, 2020, ECF No. 288.

In March 2019, Sykes filed a motion for sentence modification pursuant to the First Step Act. Mot. to Modify Sentences, Mar. 6, 2019, ECF No. 274. In June 2019, the United States Probation Office issued an Abbreviated Supplemental Presentence Report ("ASPR") in response to Sykes's motion. The ASPR was not docketed, but was served on the U.S. Attorney's Office, the Federal Public Defender, and Sykes himself. Most significantly, the ASPR included an updated sentencing recommendation based on changes to the Sentencing Guidelines caused by the First Step Act. In particular, the base offense level for Sykes's two drug charges was lowered from 36 to 32 due to the First Step Act's changes to the drug quantities listed in 21 U.S.C. § 841(a)(1) and § 844(a). However, the two-point sentencing enhancement for Sykes's possession of a shotgun was still applied, as was the three-point sentencing enhancement for being a career offender due to two prior controlled substance offense felony convictions. The advisory guideline imprisonment range in the ASPR was thus 360 months to life, based on a total offense level of 37 and a criminal history category of VI.

In May of 2020, the Court granted Sykes's *pro se* application for a sentence reduction under the First Step Act, and "adopt[ed] the recommendation of the Probation Department to reduce Sykes' term of imprisonment for Count One (violation of 21 U.S.C. § 841(b)(1)(A)(iii)) to 360 months, and for Count Two (violation of 21 U.S.C. § 844(a)) to 36 months, to run concurrently." *Id.* at 12. The Court stated that "[t]hese sentences are all to run concurrent to Sykes' sentence for Count Four, which is not impacted by the Fair Sentencing Act or the First Step Act." *Id.*

Sykes is now before the Court on a motion for reconsideration of his sentence

reduction, claiming that "[b]ased on the facts and arguments presented herein the Court must reconsider [Sykes]'s motion for relief under the First Step Act and order his immediate release from BOP custody back into the community." Mot. for Reconsid. at 26.

### III. LEGAL PRINCIPLES

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Smith*, 105 F. Supp.3d 255, 258 (W.D.N.Y. 2015) (citation omitted). District courts "'have applied the applicable civil standard to such motions in criminal cases.'" *Id.* (quoting *United States v. Larson*, 197 L.R.R.M. 2753, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 23, 2013)). As the Second Circuit has explained:

> The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Greenwood Grp., LLC v. Brooklands, Inc.*, 199 F. Supp.3d 682, 684 (W.D.N.Y. 2016) (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks omitted)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10–CV–6651, 2013 WL 6662862, *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp.2d 365, 368 (S.D.N.Y.1999)). Thus, reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v.*

*Sollecito*, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003).

## IV. DISCUSSION

Sykes maintains that "the Court must reopen his First Step Act motion and reconsider its May 27, 2020 decision reducing the sentence . . . because of intervening changes of controlling law in *Concep[c]ion v. United States*, 142 S. Ct. 2389 (2022) . . . ." Mot. for Reconsid. at 2. He notes *Concepcion*'s admonition that "when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments," and proceeds to identify eight arguments that he does not believe the Court adequately addressed in its 2020 order reducing his sentence.

Specifically, Sykes argues that the Court has not properly addressed the following: (1) that Sykes was not given notice and an opportunity to be heard on the original presentence investigation report prepared for his 2007 sentencing (Mot. for Reconsid. at 4); (2) that the Court did not properly consider the changes to Sykes' Sentencing Guidelines calculations under the First Step Act (Mot. for Reconsid. at 7); (3) that "there was no original Guidelines calculation of record for [the Court] to use as a[n] anchor for [its] discretion when recalculating the guidelines range under the First Step Act" (Mot. for Reconsid. at 10); (4) that the Court's failure to cause his presence at a resentencing hearing led to a defective order reducing his sentence (Mot. for Reconsid. at 15); (5) that the 2020 order was illegal and void because the Court did not demonstrate compliance with the "categorical and modified categorical procedures . . . to justify using the Career Offender guidelines, the section 851 procedure, and section 3553(a) sentencing factors . . . ." (Mot. for Reconsid. at 21); (6) that "the First Step Act required the Court to look at the date the defendant committed the covered offense" (Mot. for Reconsid. at 22); (7) that recent changes to the Sentencing Guidelines render his previous convictions invalid predicate offenses for sentencing enhancements applied to his

4

sentence (Mot. for Reconsid. at 22); and (8) "that the district court committed legal errors in calculating the guidelines range when failing to take into consideration" recent amendments to the Sentencing Guidelines (Mot. for Reconsid. at 23).

After a thorough review of Sykes's papers, the Court denies his motion for reconsideration. To begin with, to the extent that Sykes contends in his first and third arguments that there was an issue with the original presentence investigation report or that Sykes did not have an opportunity to be heard regarding that report, his arguments are meritless. The original presentence investigation report has been docketed, and Sykes has not made a persuasive argument that the docketed report is invalid or inaccurate. Rev. PSR, May 18, 2020, ECF No. 286 (indicating the report was prepared on December 7, 2006, and revised on December 21, 2006 and on February 7, 2007). Moreover, Sykes's counseled Statement with Respect to Sentencing Factors, submitted nearly two weeks prior to his original sentencing in 2007, raises a multitude of objections to the report that are consistent with the report as docketed. Stmnt with Respect to Sent. Factors, Feb. 2, 2007, ECF No. 147. *See also United States v. Ursillo*, 786 F.2d 66, 71 (2d Cir. 1986) ("[O]ver one year after sentencing, from which no appeal was taken, appellant sought to require the district court to correct statements in his presentence report that he had either already unsuccessfully challenged in some form, or that he could have raised more specifically at an appropriate time but did not. On this record, we believe that the district court did not err in refusing to grant appellant the relief he sought.").

With respect to Sykes's remaining arguments, the Court notes the Second Circuit's discussion of the scope of the remedies offered by First Step Act:

> By its express terms, the statute does not require plenary resentencing or operate as a surrogate for collateral review, obliging a court to reconsider all aspects of an original sentencing. What the First Step Act does say is simply

5

this: A district court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Through its "as if" clause, all that § 404(b) instructs a district court to do is to determine the impact of Sections 2 and 3 of the Fair Sentencing Act – two provisions of law that modified the drug quantity thresholds for defendants who were prosecuted for crack cocaine trafficking under 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii), or 21 U.S.C. § 960(b)(1)(C) or (2)(C) (with respect to Section 2) or crack cocaine possession under 21 U.S.C. § 844(a) (with respect to Section 3). To be sure, in order to consider a defendant's sentence "as if" Sections 2 and 3 had been in effect at the time of the offense, a district court must take into account Guidelines range changes that result directly from the retroactive application of Sections 2 and 3 . . . . But § 404(b) issues no directive to allow re-litigation of other Guidelines issues—whether factual or legal—which are unrelated to the retroactive application of the Fair Sentencing Act.

. . . . As we have already noted, the First Step Act does not simply authorize a district court to "impose a sentence," period. Instead, it authorizes the court to do so subject to the "as if" clause – that is, to determine the impact of sections 2 and 3 of the Fair Sentencing Act. It would contravene the statutory text to interpret the First Step Act to require a district court to give retroactive effect to additional legal provisions not driven by the Fair Sentencing Act, or to require a district court to engage in collateral review of other unrelated issues that were previously adjudicated.

. . . . [Further,] Section 404(c) [of the First Step Act] charges a district court only with "review" of a defendant's motion. It does not require that any particular procedures be followed during that review, much less that the review entail a full-blown opportunity to relitigate Guidelines issues, whether legal or factual . . . .

. . . . If a district court must engage in de novo Guidelines calculations, then the court would have to consider not only intervening case law but also novel legal arguments about why a previous Guidelines calculation was incorrect, or even novel factual arguments to that effect (such as, for example, a dispute over a narcotics quantity attributed to a defendant). We do not read the limited procedural vehicle provided by the First Step Act as requiring a district court to broadly revisit every aspect of a criminal sentence.

We therefore hold that the First Step Act does not entail a plenary resentencing, and that it does not obligate a district court to recalculate an eligible defendant's Guidelines range, except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010, when considering as a discretionary matter whether (or by how much) to grant a sentence reduction.

*United States v. Moore*, 975 F.3d 84, 90–92 (2d Cir. 2020).

The Second Circuit's discussion in *Moore* is perfectly consistent with the Supreme Court decision that Sykes refers to in the present motion as an "intervening change of law" warranting reconsideration of the Court's prior order. In *Concepcion v. United States*, 142 S. Ct. 2389 (2022), the Supreme Court favorably cited several district court cases considering motions for sentence reduction under the First Step Act in which the courts "considered nonretroactive Guidelines amendments to help inform whether to reduce sentences at all, and if so, by how much." *Concepcion*, 142 S. Ct. at 2403 (citing *United States v. Coachman*, 2020 WL 6939890, *3 (ND Fla., June 22, 2020) (considering that the movant "would not qualify for career offender status" at the time of his sentence modification hearing); *United States v. Frederick*, 2020 WL 555302, *4 (WD Pa., Feb. 4, 2020) (considering "the fact that [the movant] would not qualify as a career offender under the current version of the career offender provisions . . . as a factor favoring the exercise of the discretionary relief that may be awarded"); *United States v. Newton*, 2019 WL 1007100, *5 (W.D. Va., Mar. 1, 2019) (considering that the movant, "if he were sentenced today," would no longer qualify for career offender status)). The high court stated that "[n]othing express or implicit in the First Step Act suggests that these courts misinterpreted the Act in considering such relevant and probative information." *Concepcion*, 142 S. Ct. at 2403.

In other words, the Supreme Court held "that the First Step Act *allows* district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion*, 142 S. Ct. at 2404 (emphasis added). However, it stopped far short of *requiring* them to do so. The Court stated, "[p]ut simply, the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction. . . . Nor does the First Step Act require a district court to make a point-by-point rebuttal of the parties'

7

arguments. All that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion*, 142 S. Ct. at 2404–05.

Here, the Court has considered all of Sykes's arguments for a sentence reduction, including his arguments that his prior controlled substance offense convictions would not be sufficient to render him a career offender were a plenary sentencing conducted today. For one, Sykes's original motion for a sentence reduction raises a number of factual and legal disputes from Sykes's sentencing in 2007 that have been or should have been litigated on direct appeal. *See, e.g., United States v. Sykes*, 304 F. App'x 10, 14 (2d Cir. 2008) ("based on Defendant's multiple felony drug convictions, the district court properly sentenced Defendant in accordance with the mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(A)."). More to the point, where the Court has already noted Sykes's disregard for the law and danger to the public both before and after his conviction (Dec. and Order, ECF No. 288 at 11–12), it is not inclined to exercise its discretion to allow Sykes to litigate or relitigate issues of questionable merit. *See, e.g., United States v. Richardson*, 958 F.3d 151, 154–55 (2d Cir. 2020) (finding "the Sentencing Commission had the authority to include inchoate offenses within the definition of 'controlled substance offense'"). *See also, United States v. Swinton*, 495 F. Supp. 3d 197, 205-06 (W.D.N.Y. 2020) (noting that the federal and New York narcotics schedules were the same until 2015).

In sum, after considering each of Sykes's arguments, Sykes's motion for reconsideration is denied. His challenges to the original presentence investigation report, and to the Court's refusal to grant a plenary resentencing hearing on the basis of his First Step Act motion, are without merit. *See United States v. Redden,* 850 F. App'x 121, 123 (2d Cir. 2021) (citing *United States v. Smith*, 982 F.3d 106, 111–13 (2d Cir. 2020) for the proposition that a "district court is not required to hold a hearing at which the defendant is present before

deciding a motion brought under the First Step Act."). Additionally, the Probation Office's Guidelines Calculations in the ASPR correctly reduced Sykes' base offense level from 36 to 32 based on the changes to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(4) that were occasioned by Sections 2 and 3 of the Fair Sentencing Act, and made a recommendation for sentence reduction accordingly. Lastly, the Court declines to relitigate the additional complicated factual and legal issues that Sykes raises regarding his prior felony convictions for "controlled substance offenses," which have already been decided, and which the Court is not required to consider under the First Step Act. *Moore*, 975 F.3d at 90–92.

## CONCLUSION

Accordingly, it is hereby ORDERED that Sykes's motion for reconsideration [ECF No. 318] is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, because Sykes has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   August 2, 2023
         Rochester, New York

_____
HON. CHARLES J. SIRAGUSA
United States District Judge