```
UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA
                                                    DECISION AND ORDER
-vs-
                                                    05-CR-6057 (CJS)
TERRANCE SYKES,

                         Defendant.
_____
```

## INTRODUCTION

Now before the Court are the following applications by defendant Terrance Sykes ("Defendant" or "Sykes"), proceeding *pro se*: 1) a motion for a "compassionate release" sentence reduction, ECF No. 323; 2) a motion "in equity to enforce Rule 34(a)," ECF No. 324; and 3) a motion "for intervention," ECF No. 325.  Because Sykes is a *pro se* litigant, the Court has read his papers liberally, and interpreted them to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  Nevertheless, for the reasons set forth below, Sykes's motions are denied.

## BACKGROUND

The reader is presumed to be familiar with the factual and procedural background of this case. Briefly,

> [i]n October 2006, a jury found Sykes guilty of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii) ("Count One"); possession of more than five grams of cocaine base in violation of 21 U.S.C. § 844(a) ("Count Two"); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) ("Count Four"). Jury Verdict, Oct. 6, 2006, ECF Nos. 133 & 134 . . . .
>
> In March 2007, this Court sentenced Sykes based on the version of the Controlled Substances Act in effect at the time. He received concurrent mandatory minimum sentences of life imprisonment for Count One, 240 months (twenty years) for Count Two, and 120 months (ten years) for Count Four. J., 2, Mar. 12, 2007, ECF No. 150. In addition, Sykes was sentenced to

> ten years supervised release on Count One, and three years on Counts Two and Four respectively, all to run concurrently if Sykes is released from prison.

Dec. and Order Reducing Sent., 2, May 27, 2020, ECF No. 288.

Sykes filed an appeal, several collateral attacks under Section 2255, a motion for relief from judgment under Rule 60, and numerous other motions attacking his conviction and sentence, all of which were denied.

Following that, in March 2019, Sykes filed a motion for sentence modification pursuant to the First Step Act, ECF No. 274, and on May 27, 2020, the Court granted the application, and reduced Sykes' term of imprisonment for Count One (violation of 21 U.S.C. § 841(b)(1)(A)(iii)) to 360 months, and reduced his sentence for Count Two (violation of 21 U.S.C. § 844(a)) to 36 months, to run concurrently, with all sentences to run concurrent to his sentence for Count Four, which was not impacted by the Fair Sentencing Act or the First Step Act.

Notably, despite granting this reduction, the Court referenced, as factors weighing against granting such relief, Defendant's "prior drug-related felony offenses" and his "convic[tion] for being a felon in possession of a firearm," as well as the fact that

> Sykes' disregard for the law has carried through to his post-conviction conduct. The [Amended Presentence Investigation Report] indicates that as of June 2019, Sykes had nineteen disciplinary infractions over his 168 months of incarceration, including possessing a dangerous weapon (a sharpened metal rod), fighting, assault without serious bodily harm, assault with serious bodily harm, and refusing to obey orders. Most recently, in July 2018, Sykes was disciplined for assault without serious injury after striking a corrections officer's left hand and wrist.

ECF No. 288 at p. 12.

Defendant subsequently filed a variety of additional motions and collateral attacks on his conviction and sentence, which the Court denied. *See*, Decision and Order, ECF No. 311;

Text Order, ECF No. ECF No. 314; Order, ECF No. 319.

On January 24, 2025, President Joseph Biden issued an Executive Grant of Clemency, further reducing Sykes' sentence to a term of 280 months imprisonment, but leaving intact and in effect the term of supervised release imposed by the Court. ECF No. 321.

On February 24, 2025, Defendant filed a motion for a compassionate release sentence reduction, ECF No. 323, purportedly on the grounds that he was serving an unusually long sentence, and that "change[s] in the law produced a gross disparity between the length of the sentence he [was] serving and the sentence likely to be imposed [if he were sentenced now]." ECF No. 323 at p. 4. However, rather than focusing on changes to the law since Defendant's conviction, the motion actually consists primarily of a multi-faceted attack on the legality of his underlying conviction. The motion demands that, based on the alleged extraordinary and compelling reasons described therein, that the Court "eliminate all restraints on Mr. Syke's liberty." ECF No. 323 at p. 44.

On March 7, 2025, Defendant filed a "Motion in Equity to Enforce Rule 34(a) of the Fed. R. Crim. Proc.," ECF No. 324,[1] which primarily asserts that the Court entered judgment in this action, "without the Court having jurisdiction of the offenses due to no federal criminal complaint being filed to commence the federal criminal action, and because of federal officers unconstitutional relying on the local police power of the State of New York to commence and prosecute the federal criminal matter, warranting equitable relief." ECF No. 324 at p. 1. The 109-page motion essentially purports to re-hash the entire factual and procedural background of the prosecution, which Defendant interprets as demonstrating that his prosecution was

---

1 Fed. R. Crim. Proc. 34(a) states: "In General. Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense."

"fraudulent" and without jurisdiction.

Finally, on March 31, 2025, Defendant filed a "Request for Intervention," ECF No. 325, in which he complains that his case manager at U.S. Penitentiary Atwater ("Atwater"), where he was then residing, was pressuring him to sign papers regarding his release to a halfway house, by implying that if Defendant did not sign the papers he would be released to Rochester, New York, where he has enemies, and placed in a homeless shelter.  The motion also complains about various conditions of confinement at Atwater.

At some point between April 2025 and October 2025, as a consequence of the aforementioned presidential grant of clemency, Defendant was released from Atwater and placed at a BOP Residential Re-entry Center ("RRC"), RRM Pittsburgh. ECF No. 326.  On October 27, 2025, Defendant's term of supervised release began.  On that same date, United States Probation and Pretrial Services for the Western District of New York requested a modification of the conditions of Defendant's supervised release, which the Court granted, requiring Defendant to remain at the Residential Re-entry Center for additional sixty days, "to assist the Defendant in finding housing and employment." ECF No. 326.

## DISCUSSION

As a preliminary matter, Defendant's "Motion in Equity to Enforce Rule 34(a) of the Fed. R. Crim. Proc.," ECF No. 324, and his "Request for Intervention," ECF No. 325, are both denied.  Defendant's 100-page memorandum of law in support of his Rule 34(a) motion, which he filed without first obtaining permission from the Court, grossly violates the 25-page limit contained in Rule 12(c) of the Court's Local Rules of Criminal Procedure, and the motion may therefore be denied on that basis alone.  Additionally, the application is both based on an inaccurate representation and/or understanding of what actually occurred in the case, and lacking in legal merit.  Accordingly, and even without considering any procedural bars

relating to the filing of successive collateral attacks that might bar the Court's consideration of the motion, that application (ECF No. 324) is denied. The "Request for Intervention" (ECF No. 325), which relates to conditions alleged to have existed at USP Atwater, is also denied, as moot, since Defendant is no longer housed at Atwater.

The Court now turns to Defendant's request for a compassionate release sentence reduction (ECF No. 323). The legal principles applicable to motions for compassionate release are clear:

> As part of the First Step Act of 2018, Congress authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)).

*U.S. v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

> [T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing] Guideline § 1B1.13, limits the district court's discretion.

*United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) ("The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason.").

A sentence reduction under § 3582(c)(1)(A) should be based upon a significant change of circumstances since the time of sentencing consisting of more than just the defendant's rehabilitation while in prison. *See, United States v. Luke*, No. 14-CR-06089-FPG, 2024 WL 1693275, at *2 (W.D.N.Y. Apr. 19, 2024) ("Because the § 3553 factors are considered at sentencing, courts should not 'second guess or [ ] reconsider whether

5

the original sentence was just,' but assess whether 'the defendant's circumstances are so changed ... that it would be inequitable to continue the confinement[.]' *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (discussing legislative history of provision)."); *see also*, *United States v. Roney*, 20-1834, 833 F. App'x 850, 854 (2d Cir. Nov. 2, 2020) (Indicating that a motion for compassionate release "is not an opportunity to second guess or to reconsider the sentencing court's original decision.") (citation and quotations omitted).

Furthermore, "[e]ven if 'extraordinary and compelling' circumstances exist, a district court may not reduce a defendant's sentence before considering 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Cummings*, No. 20-3156-CR, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Indeed, a district court may properly deny a compassionate release motion based solely on the Section 3553(a) factors, without first determining whether the defendant has shown extraordinary and compelling reasons for a sentence reduction. *See, United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) ("[W]e today make clear that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Additionally, a Defendant must exhaust his remedies before applying for a sentence reduction under § 3582(c)(1)(A). *See*, 18 U.S.C. § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, *upon motion of the Director of the Bureau of Prisons, or upon motion*

*of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment[.]") (Italics added) (Westlaw 2025).

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction:

> Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction is consistent with the policy statement set forth at U.S.S.G. § 1B1.13. If any "one of those conditions is lacking, [the district court] need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). "The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." *United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020), *aff'd*, 833 F. App'x 850 (2d Cir. 2020); *see also United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024) ("The burden of showing that the circumstances warrant a sentence reduction is on the defendant.").

*United States v. Brown*, 767 F. Supp. 3d 6, 8–9 (W.D.N.Y. 2025) (footnote omitted).

Here, the Court finds that even liberally construing Defendant's application, he has not shown that he is entitled to a sentence reduction.

Preliminarily, the Court finds that the application is not moot, even though Defendant has now begun his term of supervised release, since he has requested that the Court reduce his sentence to the point that it "eliminate all restraints on [his] liberty," ECF No. 323 at p. 44, which the Court understands to include supervised release.

Turning to the merits of the application, the Court finds, first, that Defendant has not shown that he exhausted his remedies as required by § 3582(c)(1)(A), by first making a request, to the Warden at Atwater, to have the BOP bring a compassionate release motion on his behalf. Indeed, Defendant's motion does not mention exhaustion. Consequently, the motion must be denied for that reason alone.

Furthermore, even assuming *arguendo* that Defendant exhausted his remedies before filing this motion, the Court finds that the circumstances he cites do not, either by themselves or in combination, amount to extraordinary and compelling circumstances. In particular, insofar as Defendant's motion is mostly, if not entirely, based on challenges to the legality of his underlying conviction,[2] which he has already unsuccessfully litigated *ad nauseum*, it fails to demonstrate extraordinary or compelling circumstances for a sentence reduction under § 3582(c)(1)(A). *See, United States v. Fernandez*, 104 F.4th 420, 430 (2d Cir. 2024) ("[W]e conclude that since challenges to the validity of a conviction must be made under section 2255, they cannot qualify as "extraordinary and compelling reasons" under section 3582(c)(1)(A). Compassionate release is not a channel to habeas relief or an end run around the limitations of section 2255."), *cert. granted in part*, 145 S. Ct. 2731 (2025).

Finally, even assuming *arguendo* that Defendant had otherwise shown his entitlement to relief, which he has not done, the Court would nevertheless find, upon consideration of the § 3553(a) factors, especially § 3553(a)(1) & (2)(A)-(D), and the particular facts and circumstances of this case, that any further reduction of Defendant's

---

2  *See, e.g.,* ECF No. 323 at pp. 6-25.

8

sentence, beyond the very extensive reductions he has already received, is not warranted.

CONCLUSION

Accordingly, it is hereby ORDERED that Sykes's applications (ECF Nos. 323, 324, 325) are denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, because Sykes has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:    October 30, 2025
         Rochester, New York

*[signature: Charles J. Siragusa]*
HON. CHARLES J. SIRAGUSA
United States District Judge